Read, J.
It is an admitted principle, that a trustee shall not speculate in trust funds for his own benefit. It is his duty to manage the trust property with all reasonable diligence, caution and cafe, that it may be rendered most productive, without being exposed to loss. We intend in no sense to impair the obligation of these principles.
In the case under consideration, the guardian, Lowrey, having control over the land scrip in question, it was his duty to make it most productive for his wards. The scrip itself could not be esteemed equal to money. It was only equivalent to money in the single instance of a purchase of public land, being made so by the act authorizing its issue. It could not be put out at interest, or be in any way made to yield an income. To convert this scrip, then, into money, and secure to the wards its annual interest, was beneficial to them. This was done. Had *658 there been nothing more than a conversion of the scrip into money, all would admit that the guardian had acted for the best of the wards, because money would answer the same purpose as scrip in the purchase of land, and could be made to yield an annual interest if not otherwise employed.
But it is contended in this case, that as the scrip was employed in the purchase of land, and as that purchase would be beneficial to the wards, they have the right to its benefit. The guardian and the other respondents agree to use this scrip to purchase land, by which means it was to be converted into money for the wards, with annual interest. It is said this scrip should have been employed to purchase lands for the wards. It would nót, as a general thing, be deemed so prudent a man-, agement of the money of wards to vest it in the purchase of wild lands as to put it out at interest. Indeed, such a disposition of a ward’s money would not be tolerated. Wild lands are unproductive, taxes are to be paid, and they can only be made available by improvement or sale. They would furnish no income for the support and education of the wards. If, then, a guardian would not be permitted to vest the money of his ward in wild lands, how can it be contended that he should vest the-scrip in land, when he has an opportunity of converting it into money ? It appears to be supposed that the scrip should have been employed in the purchase of land because it was made receivable as money in scrip purchase. That is not at all to be regarded as indicating to the guardian the use he should make of the scrip, but simply pointing out wherein it would be regarded as valuable. The scrip cannot be treated as land. It was not so intended. Its transferable quality shows that it was, designed to be made most beneficial to the recipient, by enabling him to dispose of it.
Now, suppose the guardian had taken the scrip' of his wards and put in its place, for their use, money at interest, would any one suppose he had done an act injurious to his wards? This, in substance, was all that was done in this case. The fund was converted into money and put at interest, and the income *659 thus raised expended in the education of the daughters and wards of the guardian. The wards have had the full benefit of the fund, managed in the most prudent manner, and to them most beneficial. What would the ultimate rise in value of wild lands be, in comparison with the expenditure of money in the education of these wards ? It is said the lands bought have refunded the purchase money and left a balance in the hands of the defendants. This depended upon the exertions and care of the defendants, and the risk of the whole speculation devolved upon them.
We can see nothing in this transaction which should charge the respondents as to the remaining land as trustees.
The master has reported a balance of some §400 as due the complainants. ■ A decree for that sum may go against the respondents, and if it be desired, may be charged over upon the land.

Decree accordingly.